UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STRUCTURE TONE, INC.,
                          Plaintiff,

-against-

NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND and DAVID STEWART as EXECUTIVE DIRECTOR of the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND,
                          Defendants.

CIVIL ACTION NUMBER:

---

## COMPLAINT TO VACATE ARBITRATION AWARD

Plaintiff, Structure Tone, Inc. ("Structure Tone"), by its undersigned attorneys, brings this Complaint against Defendants New York City District Council of Carpenters Pension Fund ("Fund") and David Stewart ("Stewart") as Executive Director of the New York City District Council of Carpenters Pension Fund (collectively "Defendants"), and alleges as follows:

### JURISDICTION AND VENUE

1.    This is an action to vacate an arbitration award issued under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1381 *et seq.*, by Arbitrator Martin F. Scheinman, dated March 24, 2017 and issued on March 27, 2017, in the matter of the Arbitration between Structure Tone, Inc. and New York City District Council of Carpenters Pension Fund, AAA Case No. 01-16-0001-5514. (A true and correct copy of the award is attached hereto as Exhibit "A").

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

2. This Court has jurisdiction over this action pursuant to Sections 4221(b)(2) and 4301(c) of MPPAA, 29 U.S.C. § 1401(b)(2) and 1451(c) and by 28 U.S.C. §§ 1331.

3. Venue is proper in this Court under Sections 4221(b)(2) and 4301(d) of MPPAA, 29 U.S.C. §§ 1401(b)(2) and 1451(d), in that the Fund is administered in this district.

## PARTIES

4. Plaintiff Structure Tone is a New York Corporation with its principal place of business located in the State of New York, County of New York and within this District. Structure Tone is an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5) and Section 8(f) of the National Labor Relations Act ("Act").

5. Defendant New York City District Council of Carpenters Pension Fund is a multiemployer pension benefit plan within the meaning of ERISA Sections 3(3) and 3(37)(A), 29 U.S.C. §§ 1002(3) and 37(A). The Fund is established pursuant to its Agreement and Declaration of Trust in accordance with Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5). The Fund's offices are located in the State of New York, County of New York and the Fund conducts business in this district.

6. Defendant Stewart is the Executive Director of the Fund and has been duly authorized by the Fund's Trustees to act on behalf of the Fund in collection of withdrawal liability owed to the Fund. With respect to such matters, Stewart is a fiduciary of the Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

## STATEMENT OF FACTS

7. This dispute involves the payment of withdrawal liability as statutorily mandated under Title IV of ERISA, as amended by the MPPAA, 29 U.S.C. §§ 1381-1453, which is a

share of unfunded vested benefits obligations attributable to a withdrawing employer based on its participation in the fund.

8. Structure Tone was party to the collective bargaining agreement between The Building Contractors Association, Inc. and The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, which was covered by Section 8(f) of the Act, and expired on June 30, 2015.

9. The collective bargaining agreement did not contain a clause obligating Structure Tone to guaranty the payment of delinquent and/or unpaid pension fund contributions of its subcontractors who perform covered work.

10. Structure Tone effectively terminated the agreement upon its June 30, 2015 expiration date.

11. Subsequent to the June 30, 2015 expiration date, Structure Tone has not directly performed work covered by the collective bargaining agreement, and within the jurisdiction of the agreement.

12. Structure Tone has however, subcontracted out covered work to both subcontractors who are, and are not, signatory to the collective bargaining agreement at issue.

13. Via letter dated August 18, 2015, the Fund via Regina Reardon, its Interim Executive Director at the time, advised Structure Tone that the termination of the collective bargaining agreement constituted a withdrawal event and that it has been assessed withdrawal liability in the amount of $1,089,049.

14. The letter further required Structure Tone to make interim payments towards the assessed amount on a quarterly basis of 22 payments of $56,615.25 and 1 payment of $36,213.09.

15. To date, Structure Tone has made all interim payments.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

16. On November 6, 2015, Structure Tone timely Requested Review of the Fund's withdrawal liability assessment pursuant to 29 U.S.C. § 1399(b)(2)(A)(i), (ii) and (iii).

17. On March 4, 2016, the Fund denied Structure Tone's Request for Review.

18. Structure Tone timely filed for arbitration on April 29, 2016.

19. On March 27, 2017, Arbitrator Scheinman issued an Award dated March 24, 2017, pursuant to the statutorily mandated arbitration procedure under Title IV of ERISA, as amended by MPPAA, 29 U.S.C. §§ 1381-1453, and pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

20. Arbitrator Scheinman ruled that Structure Tone was not entitled to the Construction Industry Exemption under Section 4203(b)(2) of ERISA, 29 U.S.C. § 1383(b)(2).

21. Arbitrator Scheinman determined that by subcontracting to non-signatory subcontractors, Structure performed work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required.

22. The MPPAA provides that "[u]pon completion of the arbitration proceedings in favor of one of the parties, any party thereto may bring an action, no later than 30 days after the issuance of an arbitrator's award, in an appropriate United States District Court in accordance with Section 1451 of this title to enforce, vacate or modify the arbitrator's award." 29 U.S.C. § 1401(b)(2).

23. This Complaint is timely pursuant to 29 U.S.C. § 1401(b)(2) as it was commenced upon the completion of the arbitration proceedings and within 30 days of the issuance of the award that Structure Tone hereby petitions this Court to vacate.

24. Pursuant to ERISA Sections 4221(b)(2) and 4301(g), 29 U.S.C. §§ 1401(b)(2) and 1451(g), Structure Tone will forward a copy of this Complaint by certified mail to the Pension

Benefit Guaranty Corporation ("PBGC") as follows: Chief Counsel, Office of the Chief Counsel, Pension Benefit Guaranty Corporation, 1200 K Street N.W., Washington, D.C. 2005-4206.

### FIRST CAUSE OF ACTION

25. Structure Tone repeats and realleges each and every allegation contained in paragraphs 1 through 24 as if fully set forth at length herein.

26. Pursuant to ERISA's construction industry exemption:

> (2) A withdrawal occurs under this paragraph if-
>
> (A) an employer ceases having an obligation to contribute under the plan, and
>
> (B) the employer-
>
> > (i) continues to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required, or
> >
> > (ii) resumes such work within 5 years after the date on which the obligation to contribute under the plan ceases, and does not renew the obligation at the time of the resumption.

ERISA § 4203, 29 U.S.C. § 1383.

27. Thus, based on the wording of the construction industry exemption statute, an employer in the construction industry who ceases to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required, after the date of withdrawal, will be subject to the exemption and may not be assessed withdrawal liability.

28. In interpreting the construction industry exemption statute, as to what constitutes a withdrawal in the construction industry, the PBGC, via two opinion letters, stated that an

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

employer in the construction industry, who is party to a collective bargaining agreement, but is not required to pay for the unpaid pension fund contributions of its subcontractors pursuant to that agreement, should not be subjected to withdrawal liability upon termination of its collective bargaining agreement, even if it subcontracts out work covered by the agreement, to either signatory or non-signatory subcontractors, as long as it actually ceases directly performing the work covered by the agreement. PBGC, OP.Ltr. 85-5 (Jan. 30, 1985); PBGC, OP.Ltr. 84-8 (Dec. 27, 1984).

29. The rationale is that due to the absence of a subcontractor guaranty clause, by performing such work via the use of subcontractors, whether signatory or not to the applicable collective bargaining agreement, the employer is covered under the exemption because it does not continue to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required.

30. Under such circumstances, there is no withdrawal because the employer would not have been obligated to make contributions for work performed by subcontractors under the terminated agreement due to the lack of a guaranty.

31. However, if a guaranty for subcontractor unpaid fund contributions is included in the contract, the exemption does not apply because the subcontracted work being performed is the type of work performed under the contract which contributions were previously required. More specifically, under the contract, the employer would be required to make contributions to cover its subcontractor's failure to make payments to the fund.

32. Structure Tone was an employer in the construction industry as defined by Section 8(f) of the Act.

33. The collective bargaining agreement at issue was covered by Section 8(f) of the Act.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

34. The collective bargaining agreement at issue did not contain a clause obligating Structure Tone to guaranty the payment of delinquent and/or unpaid pension fund contributions of its subcontractors who perform covered work.

35. Subsequent to the June 30, 2015 expiration date, Structure Tone has not directly performed work covered by the collective bargaining agreement, and within the jurisdiction of the agreement.

36. Structure Tone has however, subcontracted out covered work to both subcontractors who are, and are not, signatory to the collective bargaining agreement at issue.

37. The PBGC is the federal agency charged with interpreting ERISA and deference must be given to its opinions.

38. Pursuant to the two PBGC Opinion Letters discussed above, Structure Tone should not have been assessed withdrawal liability under the construction industry exemption because it has ceased to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required.

39. Arbitrator Scheinman failed to give proper deference to the two PBGC Opinion letters and proper consideration of the construction industry exemption in his March 24, 2017 award.

40. Thus, as a matter of law, by failing to give proper deference to the two PBGC Opinion letters and proper consideration to the construction industry exemption, Arbitrator Scheinman erred by upholding Defendants' withdrawal liability assessment against Structure Tone.

41. The errors of law committed by Arbitrator Scheinman are subject to *de novo* review by the Court.

42. Accordingly, the determination of Arbitrator Scheinman must be vacated in its entirety and an Order entered directing Defendants to rescind their entire assessment of withdrawal liability against Structure Tone and return to it all interim withdrawal liability payments remitted with interest from the date paid.

**WHEREFORE**, Plaintiff Structure Tone, Inc. demands judgment:

a) Vacating Arbitrator Scheinman's March 24, 2017 award regarding its failure to apply the construction industry exemption to Structure Tone, Inc.;

b) Directing Defendants to rescind the entire assessment of withdrawal liability against Structure Tone and return to it all interim withdrawal liability payments remitted with interest from the date paid;

c) Awarding Structure Tone, Inc. its attorneys' fees, costs and expenses incurred in connection with the arbitration proceeding that is the subject of this action;

d) Awarding Structure Tone, Inc. its attorneys' fees, costs and expenses incurred in connection with this action pursuant to ERISA Section 4301(e), 29 U.S.C. 1451(e);

e) Together with all and such further relief that the Court deems just and proper.

Dated: New York, New York  
April 21, 2017

PECKAR & ABRAMSON, P.C.  
Attorneys for Defendant  
Structure Tone, Inc.  
41 Madison Avenue, 20th Floor  
New York, New York 10010  
(212) 382-0909

By: _____  
AARON C. SCHLESINGER